## SUPREME COURT.

### Hoyt agt. Carter.

Where a temporary injunction is allowed, and the complaint in the action is subsequently dismissed, the injunction *ipso facto* falls with it. Nor can an *appeal* restore the injunction. It can only be restored by a reversal of the judgment.

But where an appeal has been taken from such judgment of dismissal the plaintiff can apply to the court, on notice, to restrain the proceedings of the defendant until the decision upon the appeal. The court by its original power over the parties is authorized to grant such an order.

*Albany Special Term,* 1851. *Motion to vacate order.* The action was commenced in December 1849. The object of the suit was to restrain the defendant from diverting a water course. Upon the commencement of the suit, a temporary injunction was granted according to the prayer of the complaint. The cause was tried at the January circuit in Rensselaer, before Mr. Justice HARRIS, whose decision was filed on the 2d of August 1851. By this decision, it was determined that the plaintiff had not sustained his action, and that the complaint should be dismissed with costs. Judgment was entered upon the decision on the 4th day of September.

Upon an affidavit showing that the defendant had commenced operations for the purpose of diverting the stream, and that the plaintiff was about to appeal from the decision, Justice HARRIS, on the 6th day of September made an order so far modifying his decision as to allow the temporary injunction which had been

Hoyt. agt. Carter.

granted at the commencement of the trial, to stand and remain in force until the time for the plaintiff to appeal should have expired. At the time of making the application for the order, no notice that judgment had been entered had been served on the plaintiff's attorney. This motion was made to set aside the order of the 6th of September, with costs.

JOB PIERSON, *for Plaintiff.*

J. E. TAYLOR, *for Defendant.*

HARRIS, Justice.—This motion must be granted. The order was improperly made. The judge who tried the cause having made his decision, and the same having been filed, it could not be altered by him. It was like a verdict of a jury. If erroneous or defective it could only be corrected or amended upon application to the court. It had passed beyond the control of the judge. Judgment having been perfected upon the decision, the suit was thereby terminated, subject only to be reinstated by an appellate court. The complaint being dismissed, the injunction, *ipso facto*, fell with it (1 *Barb. Ch. Pr.* 644). Nor would an appeal restore the injunction. The complaint having been dismissed and the injunction thereby discharged, it could only be restored by a reversal of the judgment. The act sought to be restrained can only be prevented by an appeal to the original power of the court over the parties before it. Hart vs. The Mayor of Albany (3 *Paige,* 381), furnishes an example of the exercise of such original power. In that case, the chancellor had made an order dissolving the injunction. From that order an appeal to the court for the correction of errors had been taken. While the appeal was pending, the complainants presented a petition to the chancellor, asking that the defendants might be restrained from doing the act which had been prohibited by the injunction, until the decision of the appellate court. Upon the facts presented, the chancellor made an order to that effect. " The only reasonable ground of objection to such a proceeding " says the chancellor, " is, that it seems inconsistent for the court to make an order to restrain a party from proceeding, after it has, upon a full hearing of both parties, decided that he has both a legal and equitable right to proceed."

Hinds and others agt. Mutual Insurance Co.

The order of the 6th of September must be vacated, with $10 costs of the motion, to abide the event of the suit, but without prejudice to the right of the plaintiff to apply to the court, upon notice, to restrain the proceedings of the defendant, until the decision upon the appeal, if any has been or shall be taken