The plaintiff's second amendment to the proposed case is disallowed.*

---

## THE TOWN OF GUILFORD a. CORNELL.

*Supreme Court ; Chenango Special Term, February,* 1857.

INJUNCTION.—LIABILITY OF SURETIES.—ORDER OF CONTINUANCE.

An undertaking was given upon the granting of an injunction in an action in the Supreme Court, conditioned that the sureties would pay to the defendants such damages as they might sustain by reason of the injunction, "if *this* court should finally decide" that plaintiffs were not entitled thereto. The general term of

---

* From this order, or from so much thereof as allowed the alleged exception of the defendant Vail to the testimony of the witness Townsend to be inserted in the case, the plaintiff appealed. The appeal was heard at the general term, held at Brooklyn, in January, 1857, before Strong, Birdseye, and Emott, JJ. The order appealed from was affirmed with costs.

the Supreme Court did so decide, and on appeal to the Court of Appeals the judgment of the general term was affirmed.

*Held,* 1. That the sureties were bound by the undertaking executed, precisely as if it had employed the language prescribed by the Code—" if *the* court shall," &c.—and so were bound for the defendants' damages, although the final decision was made by the Court of Appeals, and not by the Supreme Court.

2. That the expenses of defendants incurred upon the appeal to the Court of Appeals were damages sustained in consequence of the *appeal,* and not in consequence of the *injunction,* and therefore could not be recovered from the sureties, although the Supreme Court had made an order, pending that appeal, that the injunction should be continued until the decision of the Court of Appeals.

Where, after the general term have reversed a judgment of the special term granting an injunction, they make an order continuing the injunction until the decision of the Court of Appeals upon an appeal taken from their decision, such order is in effect a new injunction ; and a new undertaking must be given accordingly. The sureties upon the undertaking given upon the original injunction cannot be held liable for damages resulting from its continuance.

Motion to correct the report of a referee.

This was an action by the town of Guilford against Daniel Cornell, Ransom Clark, and the Board of Supervisors of Chenango County.

The Board of Supervisors of the County of Chenango were proceeding to levy and collect a tax of upwards of two thousand dollars, of the taxable inhabitants of the town of Guilford, for the benefit of the defendants Cornell and Clark, to whom the money was to be paid when collected. The town of Guilford obtained an injunction in this action, restraining the levying and collecting of the tax. The judge who granted the injunction took a written undertaking, pursuant to section 222 of the Code, which was executed by Samuel A. Smith and Henry R. Mygatt, as sureties for the plaintiff; and in and by which undertaking the sureties undertook, in the sum of five hundred dollars, that the said plaintiff would pay to the defendants so enjoined *such damages,* not exceeding the before-mentioned sum, as they might sustain *by reason of the said injunction,* if *this* court should *finally* decide that the said plaintiff was not entitled thereto; such damages to be ascertained by a reference, or otherwise, as the court should direct.

The Supreme Court at a special term gave judgment in favor of the plaintiff, and perpetually enjoined the defendants from levying or collecting the tax of the taxable inhabitants of the

town of Guilford. The defendants appealed to the general term of the court, where the judgment of the special term was reversed and the injunction was dissolved, and judgment was given against the plaintiff for costs.

The plaintiff appealed to the Court of Appeals from the judgment of the general term, and gave the undertaking prescribed by section 334 of the Code, but did not give any undertaking to stay the execution of the judgment of the general term. After the plaintiff had appealed to the Court of Appeals, the plaintiff's counsel moved, at a general term of the Supreme Court, for an order continuing the injunction theretofore granted in the action, until the decision of the action in the Court of Appeals. This motion was granted, and the injunction was ordered to stand until the further order of the court.

The Court of Appeals affirmed the judgment given in the action by the general term of the Supreme Court, with costs, and adjudged that the defendants recover interest on the amount of the judgment of the Supreme Court by way of damages; and ordered that the record and proceedings be remitted to the Supreme Court, there to be proceeded upon according to law, and the same were duly remitted accordingly. The judgment of this court upon the remittitur was that the judgment of the Court of Appeals be made the judgment of this court; and that the defendants Cornell and Clark recover against the plaintiff the costs of the appeal in the Court of Appeals, and also interest on the amount of the judgment of the Supreme Court, by way of damages; and their costs of the appeal in the Court of Appeals were adjusted at $140.99, and they were adjudged entitled to execution to collect such costs.

It was referred to a referee to ascertain the damages that the defendants had sustained by reason of the injunction. He made his report to this court that the defendants had sustained damages by reason of the injunction to the amount of $322.50. He included in such damages the sum of $200, which the defendants paid to D. S. Dickinson, as their counsel, for two journeys from Binghamton to Albany prepared to argue the appeal, and for arguing it in the Court of Appeals. The plaintiffs' counsel objected, and excepted to the allowance of said $200.

The plaintiffs now moved to strike out of the referee's report

the allowance of this counsel fee. The defendants' counsel asked for an order confirming the report.

*Henry R. Mygatt*, for the motion.

*Sherwood S. Merritt*, opposed.

BALCOM, J.—Although the undertaking of the plaintiffs' sureties was that they would pay to the defendants such damages as they might sustain by reason of the injunction if "*this* court" should finally decide that the plaintiff was not entitled thereto, the liability of the sureties is the same as it would be, provided they had undertaken to pay damages if *the* court should finally decide that the plaintiff was not entitled to the injunction. It was the intention of the sureties to bind themselves in the manner and to the extent required by the statute, to enable the plaintiff to obtain the injunction. The statute provides that the party who procures the injunction must give an undertaking, with or without sureties, to the effect that he will pay to the party enjoined such damages as he may sustain by reason of the injunction if "the court" shall finally decide that the plaintiff was not entitled thereto. (*Code*, § 222.)

When this court decided that the plaintiff was not entitled to the injunction, and gave judgment in favor of the defendants, the entire force of the injunction was spent (Hoyt *a.* Carter, 7 *How. Pr. R.*, 140). It was then a vacated order, and the liability of the sureties who executed the undertaking that authorized the judge to grant it, was fixed. It is true, if the Court of Appeals had reversed the judgment of this court, such reversal would have absolved the sureties from all liability upon the undertaking. But the Court of Appeals affirmed the judgment of this court; the sureties did not therefore enjoy the good fortune which a reversal would have brought them. Now are they liable upon the undertaking for the damages which the defendants have sustained by reason of the plaintiff's appeal from the judgment of this court to the Court of Appeals. I am of the opinion they are not liable to pay such damages. They only bound themselves to pay to the defendants such damages as they might sustain *by reason of the injunction*. The judgment of this court dissolved the injunction, and the appeal therefrom to the Court of Appeals did not give it force again. (Hoyt *a.* Car-

ter, 7 *How. Pr. R.*, 140.) It was the plaintiff's appeal to the Court of Appeals, and not the injunction, that compelled the defendants to employ Mr. Dickinson to go to Albany and argue the cause for them in that court. The injunction was struck out of existence by the judgment of this court, and it was perfectly harmless in the subsequent proceedings upon the appeal.

When the plaintiff appealed to the Court of Appeals, no undertaking was given except the one required by section 334 of the Code, and that did not have the effect to stay the defendants' proceedings for the enforcement of the judgment of this court; nor did such undertaking, or the plaintiff's appeal to the Court of Appeals prevent the levying and collecting of the disputed tax of the taxable inhabitants of Guilford. Whoever signed that undertaking agreed that the plaintiff would pay all costs and damages which might be awarded against the plaintiff on the appeal, not exceeding two hundred and fifty dollars, and nothing more (*Code*, § 334).

But it is claimed that the sureties who executed the undertaking for the injunction are liable to pay Mr. Dickinson's counsel fees for arguing the cause for the defendants in the Court of Appeals, because this court made an order continuing the injunction until the decision of the action in the Court of Appeals. It is not necessary to inquire whether this court had the power to make that order, for I am of the opinion the order did not make the sureties liable for any damage that the defendants have sustained by reason of the plaintiff's subsequent proceedings in the action. That order was a *new injunction*, and a new undertaking to pay the damages which it might occasion to the defendants should have been required by them, and given by the plaintiff. All injunctions are but the orders of the judges or courts that grant them (*Code*, § 218). The order continuing the injunction is as much a new injunction as it would be if it had stated, in so many words, that all proceedings on the part of the defendants for the levy or collection of the disputed tax were stayed until the decision of the action in the Court of Appeals. The reference to the defunct injunction in the order was made to save the trouble of rewriting it; such reference did not vary the legal effect of the order, or wipe out the annihilating force of the judgment of this court upon the injunction. The order created a new injunction out of the defunct one; and it must be

regarded as a new injunction, and not as reinstating the defunct one, from the time it was dissolved by the judgment of this court. The general rule is, that whenever a second injunction order is made to supply the place of one that has been vacated or has become inoperative by reason of a judgment in the action, a new undertaking must be given; or the party who is injured by the second order has no remedy for the injury except by the recovery of costs against the party that obtains it, if he succeeds in getting it vacated. And when an injunction is annulled by a judgment in the action in which it was obtained, nothing short of a reversal or vacatur of the judgment will revive it, so as to bind the sureties for it, against the consequences of its further continuance by a subsequent order.

The order of this court, which in terms continued the injunction that was destroyed by the judgment previously rendered in the action, did not affect the liability of the sureties who signed the undertaking for such injunction, any more than a simple order staying proceedings on the part of the defendants upon the judgment, without any reference to such injunction, would have affected their liability. So long as the judgment that annulled the injunction remained in full force, it was not in the power of this court, or of any other court, to extend the liability of the sureties who executed the undertaking for the injunction, so as to cover damages which the defendants sustained by reason of the granting of a subsequent injunction order in the action. Neither the name nor the wording of the second injunction order can affect the sureties. The judgment in the action limited their liability, and it cannot be extended without their consent.

The report of the referee must be set aside, so far as it allows the defendants $200 damages for money that they paid to Mr. Dickinson for two journeys from Binghamton to Albany prepared to argue, and for arguing, the appeal in the Court of Appeals. But as to the residue of the damages allowed by the referee, the report must be confirmed. No costs of the motion are given to the plaintiff, because none are claimed in the notice of the motion, and none were claimed upon the argument.