McMAHON a. ALLEN.

*Supreme Court, First District; General Term, Feb.,* 1862.

FINAL JUDGMENT. — APPOINTMENT OF RECEIVER. — APPEALABLE ORDER.

An order directing the continuance of a receivership during the pendency of any appeal which should be taken from the final decree,—*Held*, to continue the receiver's authority not only during appeal to the general term, but also during an appeal to the Court of Appeals from an order of the general term granting a new trial.

The general term will not interfere with an order at special term, appointing a receiver in a case, within the discretion of the court below.

Appeal from an order denying a motion to discharge the appointment of a receiver.

This action was brought by Dennis McMahon, Jr., assignee, &c., against Thomas E. Allen, to set aside a conveyance made by one Charles T. Harrison to Allen of an undivided half of a life-interest in a house and lot in Houston-street, in the city of New York.

The action was commenced in March, 1853. In September, 1858, and before final judgment in the cause, an order was made by consent, appointing William Tucker receiver of the rents and profits of the property. The order appointing the receiver provided that such receivership should continue during an accounting which had been ordered in the cause, and the pendency of any appeal which might be taken from any final decree " to be rendered in this cause," without prejudice to the rights of either party.

Final judgment was rendered in the action in January, 1859, in favor of the plaintiff. The defendant appealed, and upon such appeal the judgment was reversed and a new trial ordered. The plaintiff thereupon appealed to the Court of Appeals, giving the usual stipulation that if the order granting a new trial should be affirmed, judgment absolute should be entered against him.

The security given on the appeal to the Court of Appeals was an undertaking in $250 for costs, &c. The defendant moved at chambers, before Mr. Justice Barnard, to discharge the order appointing a receiver; his motion was denied, and he took the present appeal.

*Mathews & Swan*, for the appellant.—I. The purposes of the receivership have been effected, and it should be discharged as a matter of course. The order has expired by its own limitation.

II. The appeal to the Court of Appeals from the order of the general term, does not stay the defendant's proceedings. (McMahon *a.* Allen, 13 *Abbotts' Pr.*, 126.) 1. The Code does not provide for a stay, but leaves it to the discretion of the court upon a proper application made for that purpose. Section 344 provides a bond to pay only costs of appeal (that is from an order), and is necessary to the validity of the appeal.

If the Court of Appeals affirms the judgment of this court, the defendant will have judgment for all the costs in the cause, but no security. Had the defendant appealed, he could not have stayed proceedings without security to pay all the costs. Sections 335–339 refer only to judgments. The distinction be-·tween appeals from judgments and appeals from orders is fully recognized by the Code in sections 11, 323, 330, 331, 334. So, also, sections 335–340 speak only of judgments. Section 342 provides that in cases not provided for in sections 345–349, the giving the undertaking for costs (§ 344) should stay all proceedings upon a judgment. 2. The case of Curtis a. Leavitt (10 *How. Pr.*, 481) has no application to the case of an appeal from an order. Inasmuch as the court held it was not within section 345, the provisions of section 344 made the appeal a stay of proceedings. 3. The appeal from an order is no stay. (Forbes a. Oaks, 2 *Abbotts' Pr.*, 120; Hicks a. Smith, 4 *Ib.*, 285; Story a. Duffy, 8 *How. Pr.*, 488; Bacon a. Reading, 1 *Duer*, 622.)

III. Even if the appeal from an order granting new trial operated as a stay of proceedings, the receivership should be discharged. It is not affected by the order appealed from. (*Code*, §·339.)

IV. There can never be any other final decree in this case from which any appeal can be taken. The decision of the Court of Appeals (upon the appeal from the order granting a new trial, and the plaintiff's stipulation to allow final judgment) must be final as to both parties.

*Dennis McMahon*, for the respondent.—I. By stipulation of parties, and by the terms of the order of September, 1858, the receivership was to continue until the final judgment to be rendered in this cause, and until the determination of any appeal which might thereafter be taken from the decision of the general term in this case.

II. The appeal from the decision of the general term granting a new trial herein, is a stay of proceedings on the part of the defendant. The respondent took that appeal to the Court of Appeals under section 11, subd. 2, of the Code,—which provides that in order to make an appeal from an order granting a new trial effective, the appellant must stipulate that final judgment be rendered against him. This was done, and he also filed an

undertaking in $250 for costs of the appeal, the sureties on which have justified. Under sections 334–339 of the Code, on appeal from an order granting a new trial, all the security the appellant has to give is the undertaking in $250. Section 335 applies to appeals from judgments directing the payment of money.

BY THE COURT.*—INGRAHAM, P. J.—We think the consent authorized the appointment and continuance of the receiver until final judgment in the cause, and until a decision on such final judgment on appeal.

The general term having reversed the judgment rendered; there is as yet no final judgment in the cause, and the receivership would continue until the cause went back to special term for a new trial. The reason for a receiver is just as good now as it was when a receiver was first appointed.

The appeal on behalf of the plaintiff to the Court of Appeals does not change the state of things, except that if decided against the defendant it would revive the final judgment which has been set aside. Until then the defendant is not entitled as a matter of right to have the receivership discharged. As a matter of discretion on the part of the judge at special term we do not interfere.

The order should be affirmed.

---

* Present, INGRAHAM, P. J., CLERKE and LEONARD, JJ.