## SUPREME COURT.

ELIZA H. DISBRO agt. SANFORD DISBRO and others.

This court hat the power at general or special term, to *revive and coutinue an injunc-tion* in its discretion, in all proper cases, and upon such terms as to security and otherwise as it may deem just. But it should be upon the giving of a *new under-taking* in the same manner as upon the granting of the original injunction.

In this case a motion on the part of the plaintiff is granted reiviving the injunction and stay of proceedings, pending an appeal to the general term, from a judgment on the report of a referee *dismissing the complaint,* on the plaintiff's giving a new undertaking in proper form, &c.

*Monroe General Term, March,* 1869.

*Present.* E. D. SMITH, JOHNSON *and* DWIGHT, *Justices.*

MOTION by plaintiff for revival of injunction and stay of proceedings pending an appeal to the general term from judgment on the report of a referee dismissing the complaint.

The motion was first partially heard at special term on the Saturday before the sitting of the general term, but not being decided was renewed at the general term as upon an appeal, by direction of the judge holding the special term.

The action was brought to reach a bond of the county of Monroe for $10,000, and restraining its transfer, which was in the possession of the defendants, the Bank of Monroe, which held it for the defendant Garcia, who had purchased it of.the defendant Sanford Disbro, who claims title to it as well as the plaintiff.

The plaintiff asserted in her complaint that possession of it had been fraudulently obtained from the bank where it had been deposited for safe-keeping by her husband acting for her, and since deceased, and had been clandestinely sent to New York for sale by said Sanford, and that the said Garcia, who claimed to have purchased it of the said Sanford, was not a *bona fide* purchaser.

The action had been tried before a referee who found against the plaintiff and dismissed the complaint. From this judgment the plaintiff had duly appealed to the general term, and given the undertaking in the sum of $500 required by section 334 of the Code, and the plaintiff now applied for a stay of proceedings on such judgment, and a revival and continuance of the injunction upon such terms as the court might prescribe.

The application was opposed by the defendants Garcia and Sanford Disbro.

G. F. DANFORTH and H. C. IVES, *for plaintiff.*
GEO. G. MUNGER, *for defendant Garcia.*
G. W. MILLER, *for defendant Disbro.*

*By the court.* E. DARWIN SMITH, J. It is not disputed that the appeal is brought in good faith. We are not asked to deny the plaintiff's application for a stay of proceedings on the judgment, including a revival of the injunction, on the ground that the appeal is frivolous or is brought or prosecuted without probable cause.

A dismissal of the complaint undoubtedly dissolved the injunction and the appeal does not revive it. Nor will an undertaking upon the appeal sufficient to stay proceedings on the judgment operate to continue the injunction. It would merely stay proceedings to collect the defendants' costs recovered by the judgment. The application is therefore in the nature of a new application for an injunction pending the appeal.

If the judgment had been in favor of the plaintiff requiring the county bond to be given up to her, the defendant on appeal might have stayed all proceedings under the judgment as a matter of right by complying with the provisions of section 336 of the Code. But the complaint being dismissed the bond is left in the possession of the bank of Monroe and may be given up by it to the defendant Garcia, and by him

used, transferred or put into circulation at his pleasure like other negotiable paper, and the plaintiff's rights in respect to it and the whole object of the suit may be thereby entirely defeated by the simple acts of the defendants.

In this view the plaintiffs appeal might be and probably would be entirely abortive, though the court should ultimately decide in her favor; and it obviously will be quite useless for her to further prosecute it unless this court revive and continue the injunction as incident to the stay of proceedings upon the judgment pending such appeal. As it is quite clear that the Code makes no provision for such stay unless such provision is embraced in section 348, which authorizes the court or a judge to stay proceedings in certain cases upon such terms as to security and otherwise as may be just.

But this court has the unquestionable power to revive and continue such injunction as an original power. It was said by the vice-chancellor, where the appeal was from a vice-chancellor to the chancellor, in *Coster* agt. *Griswold* (4 *Edwards*, 374), that "the application should be made to the chancellor who alone had control of the appellate proceedings." It was in view of this suggestion, chiefly, that I directed that this application be made to the court at general term as the appellate court. But in the case of *Hart* agt. *The Mayor of Albany*, (3 *Paige*, 214), the suit was before the chancellor, and he dissolved the injunction upon motion after answer, on the ground that the plaintiffs had a perfect remedy at law, and were not entitled to an injunction until they had established their right at law; and on a subsequent application he revived and continued it till an appeal taken from such decision could be heard in the court for the correction of errors (*same case at p.* 386), and expressed no doubt of his power to do so, notwithstanding the appeal.

The bill in this case was filed to restrain the defendants and their dock master from removing from the Albany basin an ark or floating store house, which the complainants had

erected and moved therein contrary to an ordinance of the corporation. If, after the dissolution of the injunction, the city authorities had proceeded as they were proposing to do, to carry the ordinance into effect by destroying or removing from the basin, the ark or store house, the plaintiffs would not have been remediless if the appeal had been ultimately de-cided in their favor, for the city of Albany was able to respond in damages for the full value of the property destroy-ed, and all other injury sustained by the complainants in consequence of such destruction.

But notwithstanding the complainants had this security for their indemnity in case the defendants wrongfully destroyed the store house pending the appeal, the chancellor revived and continued the injunction to enable the complainants to bring the appeal to a hearing before the destruction of such store house.

This case was decided in July, 1832. At this time it was not the practice, except in the few cases prescribed in the Revised Statutes, when the injunction stayed the trial of a personal action at law, or proceedings after verdict or judgment, to require security on the granting of an injunction. In the revision of the rules of the court of chancery, made by chancellor WALWORTH in 1829, provision was made by rule 31 giving power to the officer authorized to allow injunctions in his discretion, to require of the complainant or his agent a bond with security or his own bond only, to the party enjoined in such sum as he might deem reasonable, conditioned to pay to such party all damages he might sustain by reason of said injunction.

This rule remained so till after the revision of the rules in 1837, when it was amended as it appears in the revision of 1844, making it imperative upon the officer allowing an injunction, in every case to take such bond in a sum not less than $500.

I presume, therefore, that no security was given on the granting of the original injunction in this case of *Hart* agt.

*The City of Albany*, and the chancellor required none in the order reviving it, so far as we can see from the reported case. The fact that security was not required or given on granting injunctions in chancery before this period, is probably the chief reason why the chancellor speaks in so hesitating or dubious a way in respect to the granting of such applications. And the same reason I think must have operated with many of the equity judges in England in respect to such applications in holding that they are not to be favored, while they generaly granted them on some terms in all proper cases or when they could see that the appellant could not in case of success be set right again or would lose the benefit of his appeal. (*Eden on Injunctions*, 375 ; 17 *Vesey*, 382 ; 15 *id.*, 182.

This provision of rule 31 of the court of chancery has been carried into the Code, and section 22 now requires security in all cases where no other provision of law is made in respect to security in such cases. This provision I think obviates in a large degree most of the objections, doubts and hesitancy that had heretofore existed in the courts of equity on this subject. The judges have uniformly sought to favor the right of review in fair cases according to the spirit of the statute giving the right of appeal, and no reputable judge has ever sought to prevent or hinder such review by the superior court of a decision of an inferior court or judicial officer affecting important rights, by refusing to make such orders as were essential to make the right of review real and effectual in case of error in the subordinate court.

In the case of the *Town of Guilford* agt. *Cornell*, (4 *Abb.*) the general term in the sixth district, while they dissolved an injunction granted and sustained at special term on motion, after an appeal to the court of appeals, made an order continuing the said injunction until the decision in the court of appeals, and this without any new security upon the injunction.

We have no doubt of the power of this court at general or special term to revive and continue an injunction in its discretion, in all proper cases, and upon such terms as to security and otherwise as it may deem just. But it should obviously be upon the giving of a new undertaking upon the revival of the injunction in the same manner as upon the granting of an original injunction. And we have no doubt that this is a proper case for the exercise of such power· The plaintiff will confessedly be remediless in case the injunction is not revived and continued till the hearing of the appeal, provided the court should reverse the judgment below. The appellant in such case should be required to proceed with all due diligence in getting the appeal in readiness for a hearing at the general term. The motion is therefore granted, and the injunction revived and continued till the hearing on the plaintiff's giving a new undertaking in proper form, with one or more sureties to pay to the defendants all damages sustained by the injunction, not exceeding $1,500.