Allen, J.
It is conceded that the only question before this court is as to the power of the court below to grant the injunction and appoint the receiver. If the power existed, the discretion of the court in its exercise is not the subject of review here.
The action was brought to revoke and avoid a trust created by the plaintiff upon several grounds, to remove the trustee and to restore the trust estate to the plaintiff, the original owner of the property, and the principal beneficiary under the trust deed.
The judgment of the court at special term was adverse to the plaintiff; the trust was adjudged valid, and the trustee was declared not to have abused or neglected the duties of his office, or to be incapacitated, or unfit to execute the trust.
It was determined and adjudged that the plaintiff was not entitled to the relief demanded, or any part thereof, and that the defendant was entitled to a decree dismissing the complaint, declaring the trust deed and the trusts valid and irrevocable, and restoring him to all the trust property: and the injunction order theretofore granted was vacated.
After judgment had been perfected, and an appeal *4 taken to the general term, the court at special term, upon motion, granted an order giving plaintiff time to make and serve a case, &c., and restraining the defendant from interfering with, or disposing of the trust estate and property, and appointing a receiver of the trust property and effects, with power, among other things, to pay to the plaintiff all moneys that should come to his hands as such receiver, reserving five per cent, and his expenses.
The order regarded the plaintiff as legally entitled to receive the moneys discharged from the trust, the receiver being authorized to retain only his expenses, and a sum equivalent to his probable commissions. This order was affirmed at general term, and an appeal has been taken to this court.
1. The Code, which gives the right of appeal, and regulates the proceedings and prescribes the cases in, and conditions upon which an appeal from a judgment at special term to the general term of the same court shall operate as a stay of proceedings upon the judgment appealed from, does not authorize this proceeding and intervention in behalf of the appellant.
The plaintiff was entitled to arrest the proceedings of the defendant upon the judgment, and stay him from enforcing the same, by complying with the requirements of the statute (Code, §§ 348, 335, 336 and 337). All the rights which the plaintiff has, as an appellant in the action, are given to him by statute, and the relief to which he is entitled, as such appellant, is simply a stay of proceedings for an execution of the judgment pending the appeal. The appeal and all its incidents, including the power conferred upon the court to arrest the execution of the judgment, are creations of the statute, and being given in express terms, necessarily exclude all other proceedings and remedies affecting the rights of the parties.
The power to grant an injunction restraining the re *5 spondent in the appeal, in respect of the subject matter of the litigation, and appoint a receiver to take from him the possession and right of possession of property, is not conferred upon the court by the statutes regulating appeals, in which the legislature intended, doubtless, to make every regulation and confer every power which was deemed essential to secure the rights of parties, and proper to be conferred. The order was not made, and does not profess to have been made, pursuant to section 348 of the Code, to stay the proceedings upon the judgment.
2. In a single case upon an appeal from a judgment, property, the subject of the litigation, may be placed in the custody of “such officer, or receiver, as the court shall appoint," viz: where the judgment appealed from, directs the assignment or delivery of documents or personal property, and if the appellant desires execution of the judgment to be stayed, and elects to bring the document or property into court, rather than give the security required, as an alternative of the stay (Code, § 336).
The order appealed from is not within this enactment.
The judgment does not require the delivery of documents or personal property, and the receivership extends to real as well as personal property, and is not of property in the custody of the plaintiff and appellant from the judgment.
There was no power in the court to grant the order complained of at the instance of the plaintiff as an appellant, and in his aid, to give effect to his appeal.
3. The appointment of a receiver as a provisional remedy, that is, pendente lite, is regulated by statute (Code, § 244).
Whatever may be the general jurisdiction of the courts, whether of equity or common law, it must be exercised under the forms and by means of the process *6 given by statute. The constitution simply confers upon the supreme court, “general jurisdiction in law and equity” (Const., Art. 6, § 6).
The judiciary act of 1847 declared that the supreme court should exercise the same jurisdiction as was then possessed by the supreme court and court of chancery, and that all laws relating to the then existing supreme court and court of chancery, and the jurisdiction, powers and duties of- said courts, the proceedings therein and the officers thereof, their powers and duties should be applicable to the supreme court, organized by that act, the powers and duties thereof and the proceedings therein, so far as the same could be applied, and were consistent with the constitution and the provisions of the act (Laws of 1847, ch. 280, § 16). The powers and jurisdiction of the supreme court, as a court of equity, except as modified by statute, are co-extensive with the powers and jurisdiction of the court of chancery in England (2 Rev. Stat., 173, § 36). But the rules of practice and forms of procedure have been, from time to time, greatly modified and changed by statute, and, in some instances, an alteration of the forms of procedure have in a measure affected the rights of suitors.
This is true in respect of appeals, as well as other matters connected with the practice and powers of the court.
The process for bringing parties into court and to enforce remedies have been greatly changed, and these, with all the forms of procedure, may and are changed from time to time, without at all affecting the general equitable jurisdiction and powers of the court.
The writ of ne exeat was a process well known, and frequently resorted to in the court of chancery and in the supreme court, prior to the enactment of the Code, but is regarded as abolished, because it is not among the “provisional remedies” given by that act.
Prior to 1852, the Code specified five cases in which *7 a receiver might be appointed, and then added, “The court, may grant the other provisional remedies now existing, according to the present practice, except as otherwise provided by this act” (Code, as amended in 1851, § 244).
Before 1851, the authority was general (Code of 1849, § 244), and under these provisions, there was some plausibility in the assertion that the writ of ne exeat, as a provisional remedy, was retained by the Code. But in 1852, the clause above quoted was stricken out, and the provision essentially modified.
The provisional remedies are mere incidents to the general jurisdiction of the court, and not an essential "part of such jurisdiction, and the legislature have carefully prescribed the cases in which a receiver may be appointed, and other provisional remedies granted, and by specifying the cases in which a receivership may be had, pending the action, and as a proceeding in the action, have as carefully excluded every other case, and prohibited the appointment except as authorized. :
Expressio unius est exclusio alierius; expressum facit cessare tacitum, are maxims applicable to the construction of statutes, as well as of contracts. The act specifies the cases in which a receiver may be appointed, in the several subdivisions of section 244.
After judgment, “to carry the judgment into effect,” which is not this case ; also “ to dispose of the property according to the judgment,” which is not this case; “or to preserve it during the pendency of appeal,” that is, in the case provided for in section 336, where the judgment directs the delivery of documents or personal property, and to excuse the giving of security by the appellant, in order to make the appeal effectual to stay proceedings in the judgment.
Section 336 was section 285 of the Code of 1848, and Substantially, if not verbally, the same as now, and *8 section 244, which is a substitute for section 300 of the first Code of Procedure, has been changed so as to restrict the very general power first conferred, and to limit its exercise to the specified cases, and provision for property which might be the subject of receivership under section 336, became a necessity, and was, therefore, fully and properly cared for in reconstructing the statute authorizing and regulating the appointment of receivers.
The only other class of cases within which this may be claimed to come, is that mentioned in subdivision 5 of section 244, viz: “ Such other cases as are now provided by law, or may be in accordance with the existing practice, except as otherwise provided in this act.”
There is no pretense that it is among the cases “provided by law ”—that is, authorized by statute, and there has been no precedent for the practice found; and if without a precedent, it can hardly be said to be “in accordance with the existing practice.”'
Precedents make practice, in the sense in which that term is used here. “Practice” consists in frequent or customary actions—a succession of acts of a similar kind. A proceeding that never has been taken, cannot be said to be in accordance with existing practice.
“Practice” is the form, manner and order in which proceedings have been, and are accustomed to be had. How the practice is to appoint receivers only at the instance of a party who has an acknowledged interest, or a strong presumption of title in himself (3 Dan. Ch., 1950, and note).
I have met with no precedent in practice, for the appointment of a receiver at the instance of one who has been cast in an action for equitable relief, and who has been judicially declared to have no equities, or equitable interests entitling him to any relief from the court, against one who has been adjudged to be the *9 legal custodian of the property, and a fit and proper person to have such custody.
The injunction was unauthorized. The Code abolishes the writ of injunction by order, in the cases mentioned, and declares that the order may be granted at any time before judgment. By clear implication, the granting of an injunction after judgment, as a provisional remedy, is prohibited. As a part of the relief to which the prevailing party is entitled, an injunction, or receiver, or both, may be granted by the court, in the exercise of its equity powers and jurisdiction; but as processes in the action and provisional remedies, they are statutory proceedings, and must find their warrant in the statute, or they cannot stand. Hart v. Mayor, &c., of Albany (3 Paige, 381), is not an authority for the order of injunction before us. There had been no final decree adjudicating or determining the rights of the parties, but a preliminary injunction had been dissolved, and an appeal was pending from that order; and the chancellor (in analogy to the English practice, by which the court of exchequer had suspended for a limited time, the proceedings under an order, to enable the party to bring the case before the House of Lords by appeal, and as. the injunction would do no harm) continued it for a limited time, conditionally, to enable the party to bring his appeal to a hearing.
There is but little analogy between that case and the one at bar. The effect to be given to appeals from vice-chancellors to the chancellor, and the practice upon such appeals, as well as the granting of injunctions, was very much in the discretion of the chancellor, and not, as now, the subject o'f statutory regulations. There was no question of power in the case. In McMahon v. Allen (14 Abb. Pr., 220), the receiver was appointed by consent, and the order provided that it should continue during any appeal that might be taken from any final decree in the cause.
*10 The practice in this case is, I think, without authority and without any well considered precedent.
I am of the opinion, that so much of the order as restrains and enjoins the defendant from acting as trustee, and provides for a receiver of the trust property pending the appeal should be reversed, and the motion denied, with costs.
Rapallo, J. A judgment, so long as it remains unreversed, is conclusive between the parties to the record upon all matters directly adjudicated. Such adjudication cannot be questioned collaterally in any proceeding between the same parties. So long as it continues in force, it must be deemed to have determined their respective rights, and the courts are bound to give effect to such determination. Ho relief can therefore be granted between the same parties, and in the same controversy, in hostility to the judgment, except in a direct proceeding to set the judgment aside, or for its review upon appeal. The effect to be given to the judgment is not matter of discretion, but depends upon settled legal principles which are essential to the orderly administration of jnstice.
These general principles are, however, subject to the exception, that where a right to appeal exists, the court rendering the judgment has the power to secure to the appellant the benefits which may result to him from a reversal, by staying proceedings in its own decree, or by suspending its operation to such extent as may be necessary. This power over its own proceedings was exercised by the court of chancery in England from an early date, and was recognized by a general order of the House of Lords, of August 12, 1807 (15 Ves., 184). It was also exercised by the court of exchequer (5 Price, 468). It was then held, that the power could be exercised either by the court which rendered the judgment, or by the appellate court.
*11 In this State, on appeals from special to general term of the same court, the court has full control over the subject of staying proceedings by order, and can, in its discretion, dispense with all security (Code, § 348).
An order of the court of original jurisdiction, made after judgment, granting relief inconsistent with the judgment (except on an application to set aside the judgment), can be sustained only in so far as it is based upon this power of suspending the execution, or operation of the judgment, for the purpose of an appeal. When the judgment dissolves or discharges a provisional remedy already granted in the action, it is competent for the court, in a proper case, to suspend such operation of the judgment, and, by special order, continue the provisional remedy until the determination of the appeal. Bnt it cannot be conceded that an original application for an injunction or receiver, made for the first time after judgment, could be entertained, if the grounds upon which such relief were sought had been by the judgment adjudicated adversely to the moving party.
In the case of Hart v. Mayor, &c. of Albany (3 Paige, 381), an appeal had been taken to the court of errors, from an order of the chancellor dissolving an injunction. A motion was made by the appellant to continue the restraint pending the appeal. The chancellor decided that a stay of proceedings did not, per se, revive the dissolved injunction, and that the relief asked for would be, in effect, granting a new injunction, which would be inconsistent with the decision he had already rendered, after hearing the parties. But he stated the question to be whether, notwithstanding this objection, he had not the power to suspend the operation of his order dissolving the injunction, until the decision of the court of errors upon the appeal (3 Paige, 386); and, following the decisions of the Eng *12 lish courts, he decided that he had such power, and he exercised it. His order continuing the restraint was clearly based upon the theory that it was a mere suspension of the operation of the order of dissolution, though the only practical way of accomplishing that result was the granting of a new injunction.
The same power was exercised in the cases of the Town of Guilford v. Cornell (4 Abb. Pr., 220), and Disbro v. Disbro (37 How. Pr., 147). In both of these cases the orders were in substance the continuance of injunctions theretofore existing; and, although as respects the rights.of sureties, the court held, that it could not revive their liability, and that new undertakings should be given, yet both of those cases in fact rest upon the same principle, of suspending the operation of the judgment appealed from, and keeping or leaving the parties, pending the appeal, in the same position in which they were before the judgment, by continuing in force existing orders, which otherwise would be deemed vacated by the judgment.
But no case has been referred to, showing that after judgment in the action, a proceeding can be initiated to obtain in the form of a provisional remedy, new relief directly hostile to the judgment, and not theretofore granted in the action.
The order of injunction in this case should be sustained, on the principle of a suspension of the operation of the judgment dissolving it, and a consequent continuance in force of the previously existing order. But the motion for a receiver was made for the first time after the judgment had been rendered. That order cannot, therefore, be sustained as a stay or suspension of the judgment, and if the grounds upon which the application was founded were the same as those adjudicated by the judgment, and the order were in direct hostility to the judgment, it would be in viola *13 tion of the principle which renders the judgment conclusive upon the rights of the parties.
But an examination of the grounds upon which this receivership rests, and of the very peculiar features of this case, shows that the receivership is not necessarily hostile to the judgment.
If the receivership affected trust property in the possession of the defendant at the time of the rendition of the judgment, and to the custody and management of which the judgment declared him to be entitled, and sought to divest him* of that possession, it could not be maintained without disregarding the legal effect of the judgment. But it appears by the findings of fact in the record, that the plaintiff had before the judgment taken possession of all the books, papers, vouchers and evidences of debt in the office where the defendant transacted the business of the trust, and excluded the defendant therefrom, and at the date of the judgment still continued to exclude him and to retain possession of all the effects in said office, and of the property belonging to or affected by the trust. . As to property thus situated a new question arises. It is true that the right of the defendant to its custody and management has been adjudged. But he has not the actual custody or practical power of management, and can only obtain it by execution of the judgment. This execution has been stayed on the appeal. Meanwhile, the interests of the trust which the defendant claims to represent, require that this property be collected in and preserved. A receivership, pending the appeal, of this property in the possession of the plaintiff, is not necessarily hostile to the judgment. The judgment orders the plaintiff to deliver this property to the defendant, and the court might have required the plaintiff, as a condition of granting a stay of proceedings, to place the property in the hands of a receiver. Such a condition was imposed by the English court of chancery *14 in the case of Monkhouse v. The Corporation of Bedford (17 Ves., 380, 383), and it is expressly imposed, as to personal property, by section 336 of the Code, in case of an appeal to this court. And there is no reason why, under the peculiar circumstances of this case, the plaintiff should not be permitted to make the application for such a receivership.
The plaintiff has, consistently with the judgment, a sufficient interest in the property to support such an application. Even if the trust is sustained he is the party having the principal beneficial interest. The necessity for the receivership is apparent. There are debts to be collected, and it is evident that so long as the judgment is in force the plaintiff cannot maintain actions for their recovery. The defendant has not the evidences of debt in his possession, and cannot obtain them so long as the execution of the judgment is stayed. Under the peculiar provisions of the trust deed, it would be his duty, if he were managing the trust, to proceed with due diligence to collect these debts, and pay over the proceeds to the plaintiff. While his proceedings on the judgment are stayed by the appeal, there can be no reasonable objection to their collections and payments being made by a receiver, the commissions to which the defendant may be entitled if he prevails being properly secured. The same considerations apply to the management of the real estate. The plaintiff should not be required to submit to the alternative of waiving the stay of proceedings upon the appeal, or suffering the estate to go to destruction for want of proper management.
Special objection is taken to that part of the order which authorizes the receiver to sell property and pay over proceeds.
If the trust deed, assuming it to be valid and irrevocable, vested in the defendant any discretionary power of sale, for the benefit of parties other than the *15 plaintiff, there might be difficulty in the way of conferring upon the receiver all the power contained in the order, without coming in conflict with the judgment. But under the provisions of the trust deed, no such discretionary powers are given. The power of sale, even regarding it as a valid power in trust, is imperative (1 Rev. Stat., 734, § 96). The plaintiff could at any time enforce its execution, and no one but himself is interested in the price to be obtained.
The parties named in the instrument of October 15 can in no event under the deed be entitled to any property except such as may remain in the hands of the trustee after the death of the plaintiff. They have no interest in the sales or collections, and no equitable right to obstruct or delay them for the purpose of increasing this residuum. The judgment, therefore, which establishes the trust deed as valid and irrevocable, is not in conflict with the order allowing the receiver to manage the property in conformity with the deed pending the appeal. During that period, the defendant is kept out of possession, not by the receivership, but by the stay of proceedings on the appeal. In case of the affirmance of the judgment the receivership will terminate with the action.
The propriety of granting these powers to the receiver, rests upon the peculiar character of the instruments in controversy, which renders this an exceptional case.
The appeals from both orders should be dismissed.
Grover, J.
In Townshend v. Hendricks, decided by this court at the present term, it was held, that the amendment to subd. 4, section 11, of the Code, enlarged the jurisdiction of this court upon appeals from orders; that the effect of that amendment is to give this court jurisdiction to review upon appeal any final order made by general term of the supreme court, &c., affect *16 ing a substantial right not involving any question of discretion upon any interlocutory proceeding, or upon any question of practice. The appointment of a receiver in an action, or the granting or continuing of an injunction order is a question involving discretion, when the power to make the appointment or grant the order exists.
It follows, that the jurisdiction of this court to review orders of this character is confined to the inquiry whether the court had the legal authority to make the order ; as where such authority exists, the granting of the same involves the discretion of the court, and in such cases the order is not appealable, as this court has no jurisdiction to review such orders.
The order appealed from in the present case, was made after judgment in favor of defendant, declaring him entitled to the possession of the property in controversy. This property is a large real and personal estate of several hundred thousand dollars, two-thirds of which is personal, consisting largely of securities for debts due to the estate. The respondent, who was in possession of the entire property at the rendition of the judgment, appealed therefrom, and, on his motion, the order appealed from, providing for the appointment of a receiver, and restraining the defendant from intermeddling with the property during the pendency of the appeal, was made.
The appeal presents two questions only, reviewable by this court. 1. Had the court power to appoint a receiver of the property during the pendency of the appeal from the judgment? 2. Did the court possess the power to issue ah injunction order restraining the defendant from intermeddling with the property daring the same time ?
If the court possessed the power to do both or either of the above acts, its exercise was a matter of discretion, which cannot be reviewed by this court *17 As to the first question, the Code (§ 244, subd. 3), among other things, authorizes the appointment of a receiver to preserve the property during the pendency of an appeal from the judgment. This seems expressly to confer the power to appoint a receiver of the property in the present case. It is argued, that the only receiver authorized by the above subdivision, is one simply to hold possession of the property in order to procure a stay of execution of the judgment, as provided in section 334 of the Code. A careful reading of the two sections will show that this is not so. The officer or receiver to whom the property is to be delivered pursuant to the latter section, is the mere custodian of the property, charged with no active duty in respect to the property—the only object of the delivery to him being to place the property under the immediate control of the court, so as to insure the prompt execution of the judgment in case of affirmance—while the receiver to be appointed pursuant to the former, is charged with active duties in preserving the property from destruction or loss, in case the situation of the property requires this performance.
The second is a more difficult question. A receiver having been appointed, the question whether the injunction order should have been granted or should be continued, is quite immaterial, as the defendant could sustain no injury therefrom. Nevertheless, he is entitled to a reversal of this part of the order, if the court had no power to make it. Although the cases a,re very rare when a party should be enjoined in the exercise or enjoyment of a right to which he is entitled by the judgment of a court rendered after a hearing of the parties, yet I am satisfied that the power to so restrain him during the pendency of an appeal from the judgment, is possessed by the supreme court (Hart v. Mayor, &c. of Albany, 3 Paige, 381; Hoyt v. Carter, 7 How. Pr., 140; Town of Guilford v. Cornell, 4 Abb. *18 Pr., 220; Disbro v. Disbro, 37 How. Pr., 147, and authorities cited). The last is a case showing the necessity of such authority, and the propriety of its exercise. The same might be said in an action to foreclose a mortgage upon premises where the value consisted almost entirely of the timber growing thereon. The appeal might be rendered abortive, in case of reversal, unless the party in possession could be restrained from removing the timber during the pendency of the appeal. The same may be said of all cases where the object of the action is to restrain the negotiation of negotiable contracts.
The order appealed from should be affirmed, with costs.
A majority of the judges concurred in the following decision:
Ordered, that the order granting an injunction be, in all things, reversed, and that the motion for an injunction be denied; and that the order appointing a receiver be and the same hereby is in all things affirmed, without costs to either party.