ARTHUR W. OCORR, as Attorney in Fact of HOMER A. OCORR, Plaintiff, *v.* JOHN D. LYNN and Others, Defendants.

(Supreme Court, Monroe Special Term, December, 1918.)

Injunctions — when temporary injunction may be granted — appeal — judgments — Code Civ. Pro. §§ 604, 608.

> Pending an appeal from a judgment dismissing a complaint a temporary injunction may be granted under sections 604 and 608 of the Code of Civil Procedure, when necessary to protect the rights of the appellant and save a judgment of reversal from being rendered ineffectual.

THE plaintiff sought an injunction in this action restraining the defendant Lynn from disposing of stock held by him as trustee but his complaint was dismissed after a trial at equity term. A temporary injunction had been granted pending the trial which was vacated with the judgment denying him relief. He seeks a temporary injunction pending his appeal and alleges in his affidavits that the defendant Lynn intends to dispose of certain stock contrary to plaintiff's interest and will dispose of the same unless restrained. The defendant Lynn denies that he ever threatened or advised a sale of the stock but does not say that he will not do so.

Backus & Backus (Oswald P. Backus, Jr., of counsel), for motion.

William F. Lynn, opposed.

RODENBECK, J. The language of the Code of Civil Procedure is sufficiently broad to permit the court to grant a temporary injunction in a proper case pending an appeal. It provides that an injunction may be granted where it appears that the defendant during the pendency of the action is threatening or is about

to do an act in violation of the plaintiff's rights tending to render the judgment ineffectual. Code Civ. Pro. § 604. There is no reason for construing this language to mean the judgment on the trial. It may be construed to apply to a judgment on appeal. The Code further provides that the order may be granted at any time after the commencement of the action and before "final" judgment. Id. § 608. The word "final" should be construed to mean the final determination of the litigation since it does not appear in the section as originally enacted and it is to be assumed that a change was intended when this word was inserted. The decisions upon the subject of the power to grant a temporary injunction pending an appeal have not been uniform but may be harmonized according to the circumstances of each case. *Hart* v. *Mayor,* 3 Paige, 381 (1832); *Hoyt* v. *Carter,* 7 How. Pr. 140 (1851); *Town of Guilford* v. *Cornell,* 4 Abb. Pr. 220 (1857); *Disbro* v. *Disbro,* 37 How. Pr. 147 (1869); *Fellows* v. *Heermans,* 13 Abb. Pr. (N. S.) 1 (1870); *Spears* v. *Matthews,* 66 N. Y. 127 (1876); *Jackson* v. *Bunnell,* 113 id. 216, 220 (1889); *People ex rel. Cauffman* v. *Van Buren,* 136 id. 252, 265 (1892). In view of the fact that there is inherent power in the Supreme Court to grant relief by injunction the Code sections which are merely regulative should not receive a narrow construction. The State Constitution confers upon the Supreme Court "general jurisdiction in law and equity." State Const. art. VI, § 1. No broader jurisdiction could be conferred upon that court. It is not limited to the jurisdiction possessed by the Supreme Court at common law and there is no authority conferred upon the legislature to whittle down that jurisdiction by statutory enactments. The authority to alter and regulate the jurisdiction and proceedings at law and in equity is subject to the

reservation "except as herein otherwise provided." Id. § 3. The Constitution otherwise provides with respect to the jurisdiction of the Supreme Court and the legislature is without power to interfere with it. The jurisdiction of the Supreme Court being complete and ample to cover the subject of injunctions, the legislature can not restrict the constitutional jurisdiction of the Supreme Court by prescribing a limited number of cases in which this jurisdiction may be exercised. In drafting the Code of Civil Procedure it has been rather assumed that the legislature had authority not only in procedural matters but in jurisdictional matters over the Supreme Court but this is not the case. If this were true the legislature might, by neglecting to prescribe the cases in whch a temporary injunction may issue, deprive the Supreme Court entirely of its power to grant a temporary injunction. Is it possible that in a case where justice requires it, the Supreme Court is without power to grant a temporary injunction to preserve or protect the rights of parties because perchance the legislature has not authorized it? The power to grant such an injunction exists independently of the enactments of the Code of Civil Procedure and in a proper case in the interests of justice the Supreme Court may grant a temporary injunction although not provided for in the express language of the Code of Civil Procedure. In this case the defendant does not say he will not dispose of the stock in question. If he does not intend to do so it will do him no harm to be enjoined from so doing and if he does intend to do so, he should be restrained until the determination of the rights of the parties or until it appears that the estate which he represents will be prejudiced thereby.

Motion granted, without costs.