JOSEPH SPEARS et al., Respondents, *v.* JOSEPH MATHEWS, Impleaded, etc., Appellant.

The court has no power, after judgment against plaintiff in an action, and pending an appeal by him therefrom, to grant an injunction or to revive or continue a temporary injunction previously granted.

(Argued April 25, 1876; decided April 28, 1876.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department affirming an order of Special Term granting an injunction herein, and reviving and continuing a preliminary injunction obtained by plaintiffs.

The action had been tried upon the merits, and judgment perfected in favor of defendant, and the motion was made pending an appeal from the judgment.

*Thomas Allison* for the appellant. The court has no power after judgment, and pending an appeal therefrom, to grant an injunction in the same action, or to revive a preliminary

injunction previously granted. (*Erie R. Co.* v. *Ramsey,* 45 N. Y., 637–645; *Fellows* v. *Heermans,* 13 Abb. Pr. [N. S.], 1.)

*E. N Taft* for the respondents. The court has power to revive and continue the injunction during the pendency of the appeal from the judgment dismissing the complaint. (*Disbro* v. *Disbro,* 37 How. Pr., 147; *Hoyt* v. *Carter,* 7 id., 141, 142; *Hart* v. *Mayor, etc.,* 3 Paige, 381; 2 Wait's Pr. 120.)

*Per Curiam.* The precise question involved in this appeal was decided adversely to the respondents by this court in *Fellows* v. *Heermans* (reported in 13 Abb. Pr. [N. S.], 1), where it was held that the court had no power to revive or continue a temporary injunction obtained by the plaintiff, after judgment against him in the action pending his appeal from the judgment.

The decision was made by a divided court, but a majority of the judges agreed to the judgment pronounced in that case, and the question here presented was considered and distinctly passed upon. The court were of the opinion that the Code defined and limited the power of the court in respect to granting injunctions, and that the right to an injunction in any case, if it existed, was to be found in the provisions of the Code. This decision was referred to in *Erie Railway Company* v. *Ramsey* (45 N. Y., 637) as establishing this proposition. The question is, therefore, *res adjudicata,* and we do not deem it useful to restate the grounds upon which this court based its decision. It may be that the power of the court to continue an injunction pending an appeal from an order or judgment dissolving it ought to exist, but this is a question for the legislature.

The order should be reversed.

All concur.

Order reversed.