Bookstaver, J.
—From the complaint it appears that James and George Stewart commenced an action in the ■supreme court, second department, against S. S. Hepworth and the executors of Joseph Colwell, deceased, in which the Stewarts claimed that Hepworth. and Colwell were *22 copartners, under the firm name of S. S. Hepworth & Co.,, at the time of the latter’s death, and that the former was empowered .by the articles of copartnership to carry on the business as survivor for a fixed time after Colwell’s death; that during this time Hepworth contracted debts with the Stewarts and many others on account of the business, and finally became insolvent, and made an assignment both individually and as partner of S. S. Hepworth & Co. ; that; the estate of Colwell was liable for such debts, and sought to sequester his estate for the purpose of paying their debt.
After that action was tried, and before its determination, the plaintiff in this, was appointed receiver of the property of Colwell by an order of the supreme court, second department, dated February 4, 1888. That order directed the executors of Colwell, and all other persons, to deliver and assign all the property, etc., of the estate of Colwell to the receiver, and authorized him to employ an attorney and to commence any action or actions at law or in equity for the benefit or protection of the estate. The receiver duly qualified and gave the bond required by the order. Thereafter the court rendered its decision, and dismissed the complaint of the Stewarts as against the executors of Colwell. After the decision, and before the entry of judgment thereon, another order was made by the supreme court, dated February 25, 1888, which continued the receivership and all the powers and duties of the receiver, pending an appeal to the general term of that court, and to the court of appeals, in case one-should be taken, and also until the further order of the-court.
Afterwards judgment was entered. An appeal was taken to the general term, where the judgment was affirmed, from which an appeal was taken to the court of appeals, and this is still pending.
Further allegations in the complaint show that Hepworth, while acting as surviving partner of S. S. Hepworth & Co., had certain notes, made in the firm name, discounted by the defendant, a national bank; that these notes were not paid at maturity; that the executors of Colwell kept an account as such executors with the defendant bank, and that on the 31st of January, 1888, the balance due this account by the bank, amounted to $4,019.28, or thereabouts; that the bank, without the consent of the executors, applied this balance-, toward the payment of the notes so discounted, claiming, as did the Stewarts in their action, that the general assets, of Colwell’s estate .were liable, for the debts incurred by Hepworth subsequently to Colwell’s death in the continuation of the business under the copartnership agreement, before referred to.
The complaint also shows that after the plaintiff had. *23 qualified as receiver, he demanded the sum of $4,619.28, of the defendant, and also served it with a copy of the order appointing him receiver, and continuing the receivership, but that it has refused to pay, etc.
Defendant contends that upon the entry of the judgment dismissing the Stewart complaint, the plaintiff’s functions as receiver ceased, ipso facto, and his powers were at an end.
Had the receiver been appointed solely to protect Stewart’s interest in the Colwell estate, the contention would have been well founded, for the judgment determined they had no interest in that estate. In general, when the plaintiff is defeated in an action where a provisional remedy has been granted pendente lite, whether such remedy consists In an injunction, order of arrest or order appointing a receiver, the provisional remedy falls with the action and cannot be revived- by the plaintiff, pending an appeal. Fellows v. Heermans, 13 Abb., Pr. Rep., N. S., 3; Spears v. Matthews, 66 N. Y., 127; People ex rel Roberts v. Bowe, 81 N. Y., 45; Dusenbury v. Keiley, 85 N. Y., 388.
But in this case it is apparent from the orders that they were not granted for the sole benefit of the plaintiffs in the action, but rather to protect the interests of the defendants —the executors of Colwell—and to preserve his estate. I •do not" know what appeared before the court granting the orders, to induce it to make them, nor can I tell why the executors were not left to make such demands against the debtors of the estate represented by them as they saw fit, and to prosecute such demands in their own way. The orders were evidently made in view of the judgment to be entered, and although the appeals contemplated in the orders could have been taken and the judgment stayed pending them without in any way preventing the executors from prosecuting their alleged claim against the defendant in this action, yet I must assume that the court made them for what appeared to it sufficient reasons, and the only question I have' to consider is whether or not it had the power.
It had jurisdiction both of the persons and the subject-matter of the controversy. It can appoint a receiver both pendente lite and of the final judgment to preserve the property pending an appeal. Code, § 713.
The first order was made pendente lite and the second in contemplation of the judgment to be entered. Had the last been made after the judgment, there could be no question as to the court’s power to make it, and I think it is such an order in effect, as it was made after the decision of the action, when nothing remained to be done but the formal entry of judgment. Nor can I see how the defendant is in any way prejudiced thereby. It can avail itself of any defense it could have interposed to an action brought by the executors, and a judgment*in its favor in this action *24 will be conclusive against the executors, whose interests the plaintiff represents, as he was appointed by orders made in an action to which they were parties, and on their appearance, and from which, as far as appears,they have not appealed. I think the orders appointing the plaintiff.' receiver, of themselves so far invested him with the executor’s title to the alleged claim against defendant as to enable-him to maintain this action without a special averment of an assignment to him of it, and that the demurrer must,, therefore, be overruled, with costs, but with liberty to the defendant on the payment of costs, to answer within twenty days.