## MILLS et al. v. PARKHURST et al.

(*Supreme Court, Special Term, New York County.* April 11, 1889.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—ACTION TO SET ASIDE—PROOF OF CLAIM.
   A creditor seeking to set aside an assignment for benefit of creditors cannot, while such action is pending, prove his claim under the assignment, but will be relegated to his rights as determined in the pending action.
2. SAME—WHO MAY OBJECT—CREDITORS.
   Objections to proof by a creditor suing to set aside an assignment for benefit of creditors of a claim under the assignment may be made by the other creditors.

Action by Philo S. Mills and others against J. Foster Parkhurst and Henry W. Perine, to set aside as in fraud of creditors an assignment made by Perine to Parkhurst. The matter was referred, and comes up on the report of the referee and exceptions thereto.

*Moses R. Crow,* for plaintiffs. *G. H. McMaster,* for defendants.

O'BRIEN, J. The objections to the settlement of the Dillingham suit, the payment of $1,000 counsel fee, and the loss on sale of assets should be over-ruled for the reasons that they present questions of fact passed upon by the referee after hearing all the testimony, and the conclusions reached under the circumstances here appearing should not be disturbed. The exceptions to the report of the allowance of the claims of the Towanda Bank and Reuben Smith, and the exception of the latter, claiming a preference as individual creditors over the partnership creditors in the distribution of the assets, deserve more extended consideration. It appears that the Towanda Bank assigned its claims to Smith, who had also a claim of his own against Perine, the assignor. On these claims Smith had brought an action in this court to set aside the assignment as fraudulent. Such action had been unsuccessful at special term, and on appeal to the general term the judgment below was affirmed, (1 N. Y. Supp. 495,) and from such affirmance Smith had, prior to the commencement of the reference, appealed to the court of appeals, had perfected such appeal by giving a bond, and the same was still pending and being prosecuted at the time of the reference and the allowance of the claim. Creditors objected to the proof of such claims and excepted to the allowance

thereof upon the grounds that by the commencement and continuance of the action to set aside the assignment as fraudulent the claimants had elected to repudiate the assignment, and waive any rights under it, and they should not be allowed to participate in the distribution under the decree herein.

Subsequent to the allowance of the claim and the making of the report of the referee a motion was made, based in part on the report, to dismiss the appeal in the court of appeals for the reason that Smith had proven his claim, and was seeking to obtain his dividend under the assignment. This motion was denied. Although no reasons are given for the denial, it can readily be surmised that the doctrine of election is applicable. The corollary that the election first made is controlling follows, and, if Smith is to be held to an election, he has unmistakably shown his intention to maintain in the court of appeals his *status* in hostility to the assignment. It is unnecessary to discuss what his position would have been had the appeal been decided, and the proceedings against the assignment ended. The question here presented must be decided upon the facts as shown and not disputed. Smith, in his action to set aside the assignment, obtained an injunction, which was continued until the decision of the general term, tying up the funds in the hands of the assignee. Upon appealing to the court of appeals it was not possible to renew or continue this injunction. *Spears* v. *Mathews*, 66 N. Y. 127. Nor from the nature of the action could a stay be had under the Code, §§ 1327–1332. While such appeal was pending the plaintiff commenced this action for a compulsory accounting, which was subsequently ordered, and Smith appeared and proved his claims under a notice to the effect that he and the bank thereby intended to waive no rights or remedies theretofore exercised, but, as stated, the avowed purpose in so appearing was to protect their interests in the funds held by the assignee, and pending the decision of their appeal to the court of appeals to prevent the entry of final decree for distribution. This presents, then, the question whether the allowance of the claims of Smith and the bank is not, under the circumstances, inconsistent with the continued prosecution of their appeal; or, to state it more succinctly, is the doctrine of election applicable? No citation of authority is necessary in support of the well-settled proposition of law that a creditor who proves his claim under an assignment, and accepts a benefit under it, elects thereby to ratify the assignment and can never afterwards be heard to attack it, or maintain an action to set it aside. Is the converse of this proposition good? Will a party who elects not to accept and ratify the assignment, but repudiates it, and maintains an action to set it aside, be held to have made his election, and be precluded from claiming any benefit thereunder? It is asserted that the reason for the rule in the converse fails, for it is urged that in the one case the creditor is forbidden to attack an assignment which he has already ratified and confirmed, and under which he has laid claim to certain rights; in the other he is asking for that portion of his claim which his creditor, in the instrument of assignment, has declared himself willing to pay, while seeking to determine whether or not he be in law entitled to more. It is also urged that the objection cannot be made by the other creditors, and that the principle laid down in *Pratt* v. *Adams*, 7 Paige, 615, applies, that a creditor claiming under a voluntary assignment must be content to take such share of it as the assignee intended to give him, and cannot claim that which was intended to be given to the assignee in trust for others. The answer to this last proposition is apparent when we consider that the amount each is to receive is not determined, and that it depends upon the amount of claims allowed to share in the fund, and that the decree in this case must be an adjudication as to exactly who are now entitled to the assets, and in what proportion. As well might it be urged that a creditor had no standing to object to the proof of fraudulent, fictitious, or invalid claims. In support of the view that no inconsistency exists or election applies, it is as-

serted that the case of *Barker* v. *White*, 58 N. Y. 204, is an authority. This was an action brought by plaintiffs as shareholders against the heirs of White, who was alleged to have bought land in trust for the plaintiffs. The plaintiffs succeeded, and the property was awarded to them, and defendants directed to account for the rents. Upon such accounting the defendants appeared and filed claims for certain services, and for certain shares in the association. Upon the entry of the final decree plaintiffs appealed upon the main issue, claiming that the judgment was erroneous, in that it decreed the property bought by White to be the shareholders' instead of his individual property. The plaintiffs moved to dismiss the appeal upon the ground that by the proceedings before the referee upon the accounting they had elected to share under the order of reference in the distribution of the fund, and had thus waived their right to such appeal. This motion to dismiss the appeal was denied, and it was held that the appellants, while denying the claim of the plaintiffs to a sale of the land, had the right to establish claims which they desired allowed them in the final decree, should plaintiffs' right be ultimately sustained. Whatever force this might have on the motion heretofore made by the assignee in this case to dismiss the appeal, it cannot be regarded as an authority upon the question under consideration. The distinctions between the two cases are manifest. In one, all were parties to the action, and the adjudication from which they appealed was the judgment in that action, and the accounting was to determine simply what, on plaintiffs' own theory, were their rights as against defendants, and from the adjudication thus made the appeal was taken, which was in no way inconsistent with the former action taken. In this case, however, the parties are asserting their rights in separate actions, in one of which they repudiate the very instrument under which they seek to recover in the other.

I have not overlooked the case of *Jewett* v. *Woodward*, 1 Edw. Ch. 195, but it will be found that the decision in that case was based upon the grounds that, although proceedings against the assignment had been taken, they had proved unavailing, and been abandoned before the claim was made under the assignment. The same principle was laid down in *Sternfeld* v. *Simonson*, 44 Hun, 430, wherein our learned presiding justice asserted the principle that proceedings by attachment, and subsequently by execution by a creditor in an action outside the assignment, did not prevent an action under the assignment subsequently brought against the assignee or his bondsmen, where the former proceedings had been fruitless and abandoned before the commencement of the last action. The sole grounds upon which this decision was based, and the instructions of the learned justice in the opinion, while not a direct authority, are strong arguments in favor of the objecting creditors; for it is asserted, in effect, that if under the attachment or execution any of the assigned property had been taken and held the plaintiffs could not have maintained the action, for the reason that it would have been an election to stand outside the assignment. But, it appearing in that case that the hostile action had been fruitlessly ended before the subsequent action against the bondsmen was brought, it was not, therefore, a bar. The inference to be drawn from this case is that if the hostile action had been pending he would not have maintained the subsequent action, or claimed any benefit whatever under the assignment. While, therefore, the rule as to election, as applicable to voluntary assignments for the benefit of creditors, is not as sweeping as with respect to other instruments, as, for example, claims under a contract, as in *Moller* v. *Tuska*, 87 N. Y. 166, where the court laid down the broad rule that if a man once determines his election it shall be determined forever, nevertheless, in the absence of any express authority to the contrary, I am inclined to think that on reason and principle the doctrine of election should be applied to a case like this, so as to prevent a creditor from holding at the same time two inconsistent positions, one in maintaining an action to destroy an instrument which in another

action he seeks to uphold. This is trying to repudiate and ratify at the same time. Moreover, his hostile action compelled the expenditure of moneys, prevented the distribution of the estate for a long time, jeopardized the interests of all the other creditors claiming under the assignment, and, while he could, when presenting his claims by abandoning his appeal, have had them allowed, he should be held to his election as standing in hostility to the assignment, and the exception to the allowance of these claims should be sustained. This conclusion renders it unnecessary to pass upon the exceptions filed by Smith and the bank as against the right of the partnership creditors to share in the distribution of the estate, which I regard as reasonably free from doubt under the construction to be given to the assignment. The attitude assumed by these claimants throughout, who have urged that if the assignment is valid on their construction they took all, and if the assignment was void they were equally entitled to the entire estate, is not one to commend them to the favor of the court, and presents a case showing both the justice and utility of enforcing under these facts the doctrine of election. Being in hostility to the assignment, they neither had on the reference, nor have they now, any *status* to prove their claim to share in the benefits conferred by the assignment,·or to file exceptions to the report, but they are relegated to their rights as they will be determined by their appeal, now pending in the court of appeals. The report is in other respects confirmed.