Norfolk and New Brunswick Hosiery Company, Respondent, *v.* Anna M. Arnold, Appellant.

*Vexatious action — order restraining its prosecution.*

A person in bringing suit upon a contract declared to be valid cannot be said to be acting vexatiously or oppressively ; on the contrary, he is availing himself of a clear legal right.

An order should not be granted, which restrains a person from prosecuting a certain action, and from bringing any subsequent action, to enforce a contract adjudged to be valid.

Appeal by the defendant, Anna M. Arnold, from an order of the Supreme Court, made at the Westchester County Special Term and entered in the office of the clerk of the county of Queens on the 24th day of October, 1893, enjoining the defendant from taking

any further proceedings in a certain action brought by her against the plaintiff, or from bringing any other action against it to enforce a certain contract during the pendency of this action.

*Frank E. Blackwell,* for the appellant.

*Walter D. Edmonds* and *John Hunter, Jr.,* for the respondent.

PRATT, J. :

Defendant Arnold has recovered in this court a judgment against this plaintiff upon several installments of a continuous contract, from which judgment an appeal is pending.

Since the first action was begun further installments have become due, to recover which this defendant brings an action in New York Common Pleas.

The plaintiff now brings this suit, praying that defendant be restrained from prosecuting the action in the New York Common

So much for the character of the machine. Now, you come to another set of facts, and that is as to the representations as to the state of his patent. Now, while a man may puff his goods, a man must not tell falsehoods to induce others to buy them. But did this man tell a falsehood ? Did you act on it ? Did you rely on it ? If I found he had told material falsehoods, it would not take very much evidence to make me believe that you had acted on it, for I am not in favor of fraud in these times. But did he ?

Now, this agreement was very loosely drawn. He does not bind himself to get any particular patents. It is very evident, though, and I find the fact, that it did relate to this anchor stitch. He talked with Mr. Letsen. This letter is produced. I think it is clear as anything can be, from the tone and character of that letter, Mr. Edmonds, that that letter was not meant to be shown to a board of directors ; that that was the very letter that a man would write in the ordinary course. It would be very likely, if he intended it for the board, that he would

Pleas, and from bringing any subsequent action to enforce the contract.

The effect of the judgment recovered was to establish the validity of the contract. The affirmative relief against it, sought in the first action by the present plaintiff, having been denied, and the contract declared valid, the court could not in that action have restrained the successful party from proceeding to enforce the contract. (*Spears* v. *Mathews*, 66 N. Y. 127.) We are at loss to see that the court has in the present action any better right to restrain the successful party from exercising the rights to which it has been declared entitled than it had in the previous action. (*Waring* v. *Yale*, 1 Hun, 492.)

This defendant in bringing suit upon a contract declared to be valid, cannot be said to be acting vexatiously or oppressively; on the contrary, she is availing herself of a clear legal right.

---

commence: "Mr. Letsen, for the sake of your directors, whom it is to be put before, my proposition is stated." Now, look at that letter. If this was to the board of directors — the very terms of the agreement are not agreed upon. He says: "Now it is your turn to suggest amendments." You have not fixed on the terms of the agreement. So with the whole context of that letter. Unless you imagine a man with ingenuity and genius which would be marvelous, having preconceived this scheme of fraud from the beginning, and, therefore, written a letter not to look like it, that letter was never written to be shown to a directors' meeting at all. Now, Mr. Letsen and this man must have talked together very often about it. It is very evident, really, from this. It is plain that this gentleman, Mr. Carpender, is not entirely memory-clear. His memory has been refreshed from time to time. He may be very wrong, and honestly wrong, on a transaction nine years ago. But when you come to set aside, on the ground of fraud, a contract that has been lived up to, the evidence ought to be plainer than it is.

*Cushman* v. *Leland* (93 N. Y. 652) does not afford authority for this action. There a trustee in a mortgage to secure a general issue of bonds brought an action to foreclose the mortgage. The holder of one of the bonds, who was a party to the first action, and had therein set up his rights and submitted them to the court, was restrained from prosecuting a separate action for his individual benefit. This was a clear case of a multiplicity of suits.

The prosecution of the individual action was in no sense requisite to protect the plaintiff's rights, which could be fully protected in the action brought by the trustee.

The order granting an injunction must be reversed, with costs.

Present — PRATT and CULLEN, JJ.

Judgment affirmed, with costs.*